UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **RICHARD LEONARDI**, <br> Plaintiff, <br><br> vs. <br><br> University of Wisconsin-Milwaukee Police Department, <br> RANDALL KWASINSKI, in his official and individual capacities; <br> CHRISTOPHER SCHUSTER, in his official and individual capacities; <br> DETECTIVE BEAUDRY, in his official and individual capacities; <br> YOLANDA ROBERTSON, in her official and individual capacity. <br> DEPARTMENT OF COMMUNITY CORRECTIONS. <br> Defendants. | Civil Action No. **12 C 0133-wmc** <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### I. JURISDICTION

1. This court has jurisdiction over Plaintiff's Federal Claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3). This court has jurisdiction over Plaintiff's State-Law claims pursuant to 28 U.S.C. §1367.

### II. VENUE

2. The Eastern District Of Wisconsin is an appropriate venue under 28 U.S.C. §1391(b)(2) because all of the events or ommissions giving rise to the claims occured in this district.

### III. PARTIES

3. Plaintiff Richard Leonardi is currently an inmate at Jackson Correctional Institution in Black River Falls, WI.

4. Defendant Yolanda Robertson is Probation Agent #32114 at the Probation and Parole Office located downtown in Milwaukee, WI at 819 N. 6th St. Robertson is responsible for the supervision and rehabilitation of the plaintiff, Richard Leonardi. She is sued in her official and individual capacity.

5. Defendant, University of Wisconsin-Milwaukee police officer, Randall Kwasinski was a Patrol Officer for the University of Wisconsin-Milwaukee, but is now a Police Officer for the City of West Allis. He is sued in his official and individual capacity.

6. Defendant, Christopher Schuster, is a police officer for the University of Wisconsin-Milwaukee. He is sued in his official and individual capacity.

[1]

7. Defendant, Detective Beaudry, is a detective whom is responsible for criminal investigations for the University of Wisconsin-Milwaukee. He is sue in his official and individual capacity.

8. University of Wisconsin-Milwaukee Police Department upon information and belief still employs all officers involved and is responsible for proper training and teaching proper feild techniques while handling investigations.

9. Department of Community Corrections upon information and belief still employs Probation and Parole Agent Yolanda Robertson, and is responsible for training and teaching Department of Corrections Administrative Codes while supervising parolees.

10. At all times relevant to the events described herin, all the defendants have acted under color of state law. Defendants, Yolanda Roberstson, Randall Kwasinksi, Christopher Schuster, Detective Beaudry, University of Wisconsin Police Department, and Department of Community Corrections continue to act under color of state law.

### IV. FACTUAL ALLEGATIONS

11. Plaintiff was on extended supervision since his release from prison on January 14, 2008. Plaintiff's probation and parole agent, Yolanda Robertson, was responsible to supervise the plaintiff's supervision. Defendant, Yolanda Robertson Agent #32114, at the time of incident had her office at 819 N. 6th Street, Milwaukee, WI.

12. On June 3, 2010 University of Wisconsin-Milwaukee

[2]

Police officer, Randall Kwasinski, contacted defendant Robertson explaining he was looking for the plaintiff, and inquiring about his whereabouts.

13. Defendant Robertson also explained that she was looking for him and would enter a warrant in C.I.B. for a parole violation on June 3, 2010. Robertson further detailed that the plaintiff resides at the University of Wisconsin-Milwaukee Kenilworth Square Apartments at 1915 E Kenilworth Pl., Milwaukee, WI.

14. Agent Robertson explained to defendant Kwasinski that she wanted to do a "Home Visit" and that officer Kwasinski, officer Schuster, and detective Beaudry could meet at the Kenilworth Square Apartments where plaintiff resides.

15. On June 3, 2010 Defendants all arrived at Apartment 504 in the Kenilworth Square Apartments at approximately 11:00 A.M.

16. Plaintiff Leonardi answered the door, and Agent Robertson immediately entered the apartment followed by the reporting officers. Defendant Kwasinski placed handcuffs on plaintiff and searched him then sat him down on a futon in the kitchen.

17. According to police reports Agent Robertson was conducting a "Probationary Search" while plaintiff was in the kitchen with defendants Kwasinski, Schuster, and Beaudry.

18. During the probationary search defendant Robertson located a small hypodermic needle and a metal spoon, then turned those items over to defendant Kwasinski.

[3]

Defendant Kwasinski informed plaintiff he was in custody and read him his Miranda Warnings.

19. Defendant Kwasinski and Schuster began a Law Enforcement Search while defendant Robertson sat in the kitchen with the plaintiff.

20. According to police reports defendant Kwasinski located a small corner cut baggie that contained a white powdery substance inside a jewelery holder on the plaintiff's desk.

21. Plaintiff was then transported to the UWM PD by defendant Schuster and Kwasinski. Plaintiff was searched and placed in cell #1.

22. Upon information and belief on June 3, 2010 Agent Yolanda Robertson used her authority to help the University of Wisconsin-Milwaukee Police officers evade the 4th ammendment consititutional right, warrant requirement. This is also noted in Agent Robertson's Chronological log on page 15 under the date of 6/03/10 stating, "AOR went to the apartment at the request of the apartment manager to ASSIST THE POLICE WITH GAINING ENTRY."

23. Upon information and belief on June 3, 2010 Agent Robertson conducted a "Probationary Search" contrary to detailing to defendant Kwasinski and in the police report that she wanted to do a "Home Visit." During this probationary search she was aware of her Administrative Codes set forth, but disregarded her duties and obligations, and had no care of the plaintiff's dignity.

[4]

25. Upon information and belief on June 3, 2010 Universityof Wisconsin-Milwaukee Police Officers did not arrange for a search warrant to be obtained or consent to search, rather officer Kwasinski contacted plaintiff's Probation and Parole Agent in hopes that she would allow him and his officers to circumvent the warrant requirement and allowing him to gain entry of the plaintiff's apartment and conduct a Law Enforcement Search.

26. Upon information and belief Agent Yolanda Robertson cooperated with UWM officers to plant Evidence (Heroin) inside of a jewelery holder during her Probationary Search, leaving it for the UWM officers to discover in their illegal Law Enforcement Search.

27. Upon information and belief University of Wisconsin-Milwaukee police officers Randall Kwasinski, Christopher Schuster, and Detective Beaudry knowingly and willingly dviated from protecting the plaintiff's Constitutional Rights, instead violating them and acted in concert with the plaintiff' Probation and Parole Agent.

28. As a result of all the defendant's violation of plaintiff's Constitutional Rights , plaintiff was criminally charged with possession of narcotics which was subsequently dissmissed on a motion to supress evidence. Plaintiff has been revoked for a total of 3 years, 8, months, 22 days which was 100% of available time for reconfinement upon revoking his extended supervision.

[5]

## V. EXHAUSTION

29. Plaintiff has exhausted all administrative remedies regarding the matters in this complaint. Complaints have been filed with the Department of Community Corrections to the appropriate individuals pursuant to Administrative Code DOC-328.11 to no avail and not a single response recieved to 3 seperate complaints filed. Plaitiff filed a complaint with the University of Wisconsin-Milwaukee to no avail. All complaints filed are attached to this complaint.

## VI. CAUSES OF ACTION

Plaintiff support the following claims by reference to the previous paragraphs of this complaint:

### COUNT 1

30. Defendants Kwasinski, Schuster, and Beaudry initiated contact with plaintiff's probation and parole agent, Yolanda Robertson, to evade the plaintiff's constitutional rights and gain entry into the plaintiff's apartment. University of Wisconsin-Milwaukee police officers have deprived and continue to deprive plaintiff of his constitutional rights under the Illegal Search and Seizure clause of the Fourth Amendment to the United States Constitution. Defendants have and continue to deprive plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT 2

Defendant, Agent Yolanda Robertson, went to the Plaintiff's apartment to ASSIST the police with gaining

[6]

entry subsequently this deprived and continues to deprive plaintiff of his constitutional rights under the Search and Seizure and Due Process clauses of the Fourth and Fourteenth Amendment to the United States Consitution.

**COUNT 3**

32. Defendant, Agent Yolanda Robertson, planted heroin inside of a jewelery box in plaintiff's bedroom on June 3, 2010 and leaving it for the University of Wisconsin-Milwaukee police officers to discover in their illegal subsequesnt Law Enforcement Search. Defendant, Yolanda Robertson's actions amounted to the deprivation and continual deprivation of plaintiff's contitutional rights under the Illegal Search and Seizure, and Due Process clauses of the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT 4**

Defendant, Agent Yolanda Robertson, has failed to work in accordance to Administrative Codes doc-328.21 (Search and Seizure) and DOC-328.16 (Contraband) thus violating plaintiff's rights under the Illegal Search and Seizure, and Due Process Clauses of the Fourth and Fourteenth Amendments to the United States Constitution.

**VII. PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this court:
1. Declare that the acts and ommissions described herein violated plaintiff's rights under the Constitution and laws of the United States.
2. Enter a preliminary and permantant injunction ordering defendants Robertson, Kwasinski,

[7]

Schuster, Beaudry, their successors, agents, employees and all persons acting in concert with them to protect the Constitutional Rights of Clients in the Department of Community Corrections as Parolees, and also the Constitutional Rights of students at the University of Wisconsin-Milwaukee.

3. Enter a judgement in favor of plaintiff for Nominal damages in the amount of $1,000,000.00, as allowed by law, against Defendants Yolanda Robertson and the Department of Community Corrections.

4. Enter a judgement in favor of plaintiff for Nominal damages in the amount of $1,000,000.00, as allowed by law against defendants Randall Kwasinski, Christopher Schuster, Detective Beaudry, and the University of Wisconsin-Milwaukee Police Department.

5. Enter a judgement in favor of plaintiff for Compensatory and Punitive Damages, as allowed by law against ALL named Defendants.

6. Order such additional relief as this Court may deem just and propper.

Dated: February 15, 2012
Respectfully Submitted,

### VERIFICATION
I have read the foregoing complaint and hereby verify that the matters alleged are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of purjury that the foregoing is true and correct.

Richard Leonardi #480512
RICHARD LEONARDI

[8]