IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD LEONARDI,

                                                                  ORDER

                Plaintiff,

                                                12-cv-133-bbc

   v.

RANDALL KWASINSKI, CHRISTOPHER SCHUSTER,
STEVEN BEAUDRY and YOLANDA ROBERTSON,

                Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Richard Leonardi is proceeding on a claim that defendants Yolanda Robertson, Randall Kwasinski, Christopher Schuster and Steven Beaudry searched his home, in violation of the Fourth Amendment.  He has filed a proposed amended complaint that includes four "counts," but no factual allegations or request for relief.  Because plaintiff is a prisoner, I must screen his amended complaint to determine whether it states a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2) and 1915A.

      Plaintiff does not explain why he has filed a proposed amended complaint, but he seems to be trying to split his claim of an unlawful search into four claims:  (1) defendants Kwasinksi and Schuster conducted an illegal search; (2) defendants Kwasinski, Schuster and

---

[1] Plaintiff identified Steven Beaudry as "Detective Beaudry" in his complaint.  I have amended the caption to reflect Beaudry's full name as identified in the acceptance of service filed by the Wisconsin Department of Justice.  Dkt. #12.

1

Beaudry "conspired to deprive plaintiff of his constitutional rights" by contacting defendant Robertson "in hopes she would help gain entry into plaintiff's apartment"; (3) defendant Beaudry failed to stop defendants Kwasinski and Schuster from conducting the illegal search; and (4) defendant Robertson "help[ed] police evade the warrant requirement" through "subterfuge." These claims add nothing to the claim on which plaintiff is already proceeding. Although the proposed amended complaint is more specific about each defendant's personal involvement in the alleged constitutional violation, that is unnecessary at this stage of the proceedings. Plaintiff's allegations about a conspiracy and subterfuge do not give rise to a separate claim.

A second change is that plaintiff says that defendants' conduct violated the due process clause in addition to the Fourth Amendment, but that claim is legally frivolous. The due process clause applies to deprivations of liberty and property; defendants' search was neither. Although plaintiff may have been deprived of his liberty as a result of the search, plaintiff does not allege that he did not receive a hearing or any other process he was due at the appropriate time. In any event, to the extent plaintiff is claiming that his incarceration is unlawful, that is not a claim that plaintiff may bring in a civil rights action under 42 U.S.C. § 1983 until the revocation decision has been set aside through other means, as I explained to plaintiff in previous orders dated April 18, 2012, and June 11, 2012.

ORDER

IT IS ORDERED that plaintiff Richard Leonardi is DENIED leave to proceed on his

proposed amended complaint. The original complaint, dkt. #1, remains the operative pleading.

Entered this 21st day of June, 2012.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge